Mr. Justice John,son
delivered the opinion of the court;
To authorize the court in pronouncing its judgment on il special verdict, the legal affirmative or negative conclusion must follow as a necessary consequence from the facts Stated. This cannot happen where they are doubtful, for the obvious reason, that the premises from which the deduction is to be drawn are wanting; nor can it happen for thosamereason where distinct facts are set in opposition to each other.
In examining this verdict, it will be necessary to connect with it for the purpose of understanding it correctly some additional circumstances, and especially as to that part which relates to the landing on Lynch street, on the character of which, it appears from the question propounded by the verdict, the jury thought the guilt or innocence of the defendant depended. Coming’s creek, as I understand it, is a small branch of Ashley river, running into' the town, on the bank of which Lynch street terminates, and at which is the landing spoken of. The defendant is not charged with obstructing this. And the enquiry whether this is or is not a public landing, is only important so far as it serves to stamp on Coming’s creek the character of a highway. If the landing is not public, there is then a terminus to the creek which is inconsistent with the character of a highway. Now if it was necessary, I should not hesitate to pronounce from the bare fact that this landing had been occasionally used since the year 1770, without fixing the time when the use commenced, or how long' continued, orwithout being informed whether the use was general or special, continued or interrupted, that it was not ascertained to be such a landing as the law recognized as public : and it is apparent that the converse of this conclusion was assumed, as the ground on which the finding that Coming’s cre,ek was a highway was-predicated. So that in truth, the conclusion drawn from a part of the'facts stated is at war with other facts, and! when taken together the mind .is unable to deduce the *131 unemng conclusion necessary lo a legal deduction, and no judgment can be pronounced upon them.
King 4’ Drayton, for the motion.
I-Iqywe, Att’y Gen. & Hunt, centra.
' It has been urged in opposition to this motion, that so much of the finding as relates to the landing at Lynch Street is irrelevant to the matter in issue, and that the court hqve the power of amending it by expunging that part as surplusage, and that by the same means they may supply the notorious fact, that the dam, although not erected by the defendant, was maintained and continued by him as charged in the second count in the indictment, and thus be enabled to sustain the judgment of guilty. The power of the court to amend in some cases, has not been controverted and is well supported by authority. ( Vide Croke Eliz. 480. 2 Rolls. Abr. 693-5. Dyer 372. 1 Chitty Crim. Law 444-644. ) But there must be some limitation to the exercise of this power. No case has been adduced in which it was carried so far as to supply facts incompatible with those found. And I venture to, affirm that there is none such ; for if carried to that extent it would be an infringement of the right of trial by jury, to whom the law has confided the determination of facts. Now if the court take upon themselves to amend the verdict by expunging that part, which has been before shewn to be inconsistent with that relied on as evidence of the defendant’s guilt, they create a new state of facts inconsistent with that which is expunged. And by the same rule,' the defendant might call on the court to strike out that part on which the state-relies and thejudgment of not guilty would follow. There is, upon the. whole, no facts upon which the court can pronounce its judgment, either for or against the defendant, and a venire de novo must b$ awarded.
Justices Noll and Colcoch, concurred.